UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN THE MATTER OF RONALD
MAINS, JR., AS OWNER OF THE
YAMAHA MODEL FX, FOR
EXONERATION FROM OR
LIMITATION OF LIABILITY

CIVIL ACTION

NO: 15-13

SECTION: R(1)

## ORDER AND REASONS

Plaintiff-in-limitation Ronald Mains moves the Court to dismiss the untimely claim filed by Fred Deitz, individually and on behalf of his minor child.[1] For the following reasons, the Court denies the motion.

## I.   BACKGROUND

This case arises out of a collision between two wave runners, owned by plaintiff-in-limitation Ronald Mains.[2] Jason Guhman and Noah Griffin were riding Mains's wave runners around Petit Lake/Little Lake in Delacroix, Louisiana. At the time of the collision, Guhman had two minor passengers

---

[1]   R. Doc. 29.

[2]   R. Doc. 1 at 2.

riding with him.[3] One of the minor passengers was Fred Deitz's daughter, who was injured in the collision.[4]

On January 5, 2015, Mains filed a complaint seeking exoneration from or limitation of liability regarding any loss, damage, or injury caused by the collision between the two wave runners under 46 U.S.C. § 30501, *et seq.*[5] On January 12, 2015, the Court stayed any and all actions arising from the collision and ordered that any claimant seeking recovery for any loss, damage, or injury caused by the collision must file his or her claim with this Court by April 10, 2015 or be defaulted.[6] The Court also ordered Mains to publish notice of his limitation action in The Times-Picayune newspaper each week for four consecutive weeks before the Court's April 10 deadline. Further, the Court ordered Mains to notify directly "every person known to have made or anticipated to make any claim" that he or she was required to file any claim with this Court by April 10, 2015.[7]

---

[3]    *Id.* at 2-3.

[4]    *Id.* at 4.

[5]    *See generally id.*

[6]    R. Doc. 3 at 2.

[7]    *Id.* at 3.

Ten days later, on January 15, 2015, Mains mailed to counsel for Fred Deitz notice of Mains's limitation action.[8] According to Mains's Certified Mail Receipt, Deitz's counsel received notice on February 2, 2015.[9] Mains also caused notice to be published in The Times Picayune as ordered by the Court on February 20, February 27, March 6, and March 13, 2015.[10] Deitz, individually and on behalf of his minor child, did not file a claim with this Court until May, 27, 2015, over one month after the Court's April 10 deadline.[11]

Mains now moves to dismiss Deitz's untimely filed claim.[12] Deitz opposes the motion.[13]

## II. DISCUSSION

---

[8]   R. Doc. 29-3 at 1.

[9]   *See* R. Doc. 29-5 at 1.

[10]  R. Doc. 29-4 at 1.

[11]  *See* R. Doc. 23 at 1.

[12]  R. Doc. 29.

[13]  R. Doc. 30. After Deitz filed his opposition to Mains's motion to dismiss, the Court entered default against all claimants who did not timely file a claim in the limitation action. *See* R. Doc. 35. Although the Court entered default, for the reasons stated herein, the Court now vacates the default entered against Fred Deitz and denies as moot Deitz's motion to set aside the entry of default. *See* R. Doc. 37 at 1.

The Federal Rules of Civil Procedure, Supplemental Rules for Certain Admiralty and Maritime Claims Rule F(4) provides that, when a vessel owner institutes a limitation of liability proceeding in federal court, the court is empowered to establish a monition period during which all claimants must file their respective claims or face default.  Supplemental Admiralty Rule F(4) additionally gives district courts discretion to allow a party to file a claim in a limitation proceeding after the filing deadline has passed.

Although relief from a late claim is not a matter of right, it is within the court's discretion, and applying equitable principles, courts often permit late claims.  *See Tex. Gulf Sulphur Co. v. Blue Stack Towing Co.*, 313 F.2d 359, 363 (5th Cir. 1963) (noting that "relief from a tardy claim is not a matter of right—[i]t depends on an equitable showing").  The Fifth Circuit has established three factors that a court should consider in determining whether to allow a late-filed claim: (1) whether the proceeding is pending and undetermined, (2) whether allowing the claim will adversely affect the rights of the parties, and (3) the claimant's reasons for filing late.  *Golnoy Barge Company v. M/T SHINOUSSA*, 980 F.2d 349, 351 (5th Cir. 1993); *see also In re Trace Marine*, 114 F. App'x 124, 126-27 (5th Cir. 2004) (noting that Rule F(4) allows a court to permit a claimant to proceed on a late-filed claim "for good cause shown").

4

Here, the limitation action is still pending and undetermined. The Court has not yet set a trial date in this matter, and the record does not reveal that Mains has settled or otherwise resolved any other claims. *See In re Trace Marine*, 114 F. App'x at 128 (considering whether any parties had settled). The Court also finds that any potential prejudice to Mains or the other claimants is insignificant. Deitz filed his claim only a month late, and Mains has failed to assert any reason why this short delay has adversely affected his rights.[14] *Cf. id.* (affirming the district court's refusal to permit a claim filed seven months after the deadline). Indeed, Mains knew all along that Deitz intended to assert a claim for relief. Mains named Deitz's minor daughter as a potential claimant in his limitation complaint, and Mains directly notified Deitz, as someone "known to have made or anticipated to make any claim," of the limitation action in accordance with the Court's January 12 order.

Deitz does not dispute that he received the letter from Mains informing him of the limitation proceeding and the claim bar deadline. The Court notes, however, that Mains's letter did not clearly state the deadline.[15] Instead, Mains enclosed with his correspondence, among other documents, the Court's January 12 order and the notice to be published in the local newspaper, both

---

[14] Mains argues that the Court should disallow Deitz's late-filed claim only because Deitz has failed to present "good cause" for his delay. *See generally* R. Docs. 29, 34.

[15] *See* R. Doc. 29-3 at 1.

5


of which included the deadline, albeit inconspicuously. *See In re Lin-Bar Marine, Inc.*, No. 01-1355, 2001 WL 1033606, at *1-2 (E.D. La. Sept. 6, 2001) (considering counsel's failure to state plainly the claim bar deadline to opposing counsel). As explanation for the filing delay, Deitz contends that it was a mere oversight by his original counsel, who needed additional time to engage co-counsel with sufficient expertise in these types of cases. Considering all of the evidence and a balancing of equities, the Court finds that Deitz should be permitted to proceed with his late-filed claim. Therefore, the Court denies Mains's motion to dismiss.

## III.  CONCLUSION

For the foregoing reasons, the Court DENIES Mains's Motion to Dismiss the Untimely Filed Claim. The Court vacates its July 7, 2015 order to the extent that it entered default against Fred Deitz, individually and on behalf of his minor child. The Court DENIES AS MOOT Deitz's Motion to Set Aside Default Judgment.

New Orleans, Louisiana, this __19th__ day of October, 2015.

_____

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE